IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERRICK DEWAYNE PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-06-1107-T |
| ) | |
| JUSTIN JONES, , ) | |
| ) | |
| Respondent. ) | |

ORDER

Petitioner, an inmate appearing *pro se*, brought this action seeking habeas relief, contending that his sentence incorrectly prevents him from earning certain credits. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings.

On December 20, 2006 Judge Bacharach filed a Report and Recommendation [Doc. No. 12] in which he recommended that the court dismiss this action because the applicable statute of limitations expired prior to its filing. After requesting and receiving two extensions of time in which to file objections to the Report and Recommendation, petitioner timely filed his objections. Therefore, the matter is reviewed *de novo*.

As noted in the Report and Recommendation, petitioner labeled his action as arising under 28 U. S. C. § 2241; however, it is properly treated as governed by 28 U. S. C. § 2254. Although he refers to the improper administration of his sentence, a claim arising under § 2241, he is actually claiming error based on a mistake in the judgment and sentence imposed at the time of sentencing. The latter claim is governed by § 2254 rather than by § 2241. *See* McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997).

The record establishes that, following a jury trial, petitioner was convicted in 1996 of

trafficking in illegal drugs and was sentenced to a 15-year term of imprisonment and a $25,000.00 fine. On August 1, 1997 the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and the term of imprisonment, but modified the sentence to reduce the fine to $10,000.00. At the time of petitioner's conviction, the Oklahoma statutes prevented the award of certain credits. *See* Okla. Stat. tit. 63 § 2-415(D). Petitioner argues that the statute no longer applies because of the OCCA's modification of his sentence and contends that, when the sentence was modified, the application of § 2-415 (D) should have been deleted.

Respondent moved to dismiss this action, arguing that the statute of limitations expired prior to the filing of this lawsuit. Alternatively, respondent sought dismissal on the merits. In the Report and Recommendation, Judge Bacharach recommended dismissal on the grounds that the statute of limitations expired prior to the filing of the action.

As correctly explained in the Report and Recommendation, the federal statutes prescribe a one-year limitations period for the filing of federal habeas actions. 28 U. S. C. § 2244(d)(1). The limitations period commences on the latest of four alternative dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U. S. C. § 2244(d)(1)(A).

As noted above, petitioner's conviction became final on August 1, 1997, when the OCCA ruled on his appeal. However, the federal statute provides for the tolling of the limitations period during the pendency of any properly filed application for post-conviction relief. 28 U. S. C. § 2244(d)(2). In this case, petitioner filed two applications for post-conviction relief. The first was filed on February 20, 1998 and was denied 18 days later. Pursuant to Oklahoma law, he had 30 days

---

[1]*Petitioner does not argue, and the record does not support, the application of any alternative date for commencement of the limitations period in this case. Therefore, the alternative dates are not discussed.*

in which to appeal that decision. *See* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals. Petitioner did not appeal. However, the statute of limitations is statutorily tolled for the time period from the date he filed the post-conviction relief application until the expiration of the time in which he could have appealed that decision, a period of 48 days.

Petitioner filed a second post-conviction relief application on June 8, 1998, and relief was denied 17 days later. Because the deadline for his appeal of that denial expired on a weekend, he had 32 days in which to appeal; he did not do so. He is entitled to statutory tolling for the period from June 8, 1998 until the expiration of the time to appeal, or a total of 49 days.

No other applications for post-conviction relief or other collateral review were filed by petitioner. Therefore, the statutory tolling period extended the statute of limitations for the two periods in which his applications were pending, a total of 97 days. With the addition of that period, his deadline for filing a federal habeas petition expired on November 9, 1998. He did not file this habeas action until October 9, 2006[2], almost eight years after the limitations period expired.

In addition to statutory tolling, there are certain "rare and exceptional circumstances" in which the limitations period will be equitably tolled. York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). Such circumstances include evidence that a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent, that an adversary's conduct or other uncontrollable circumstance prevented timely filing, or that the inmate actively pursued judicial remedies but filed a defective pleading during the statutory period. *See, e.g.,* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). The petitioner

---

[2]As the magistrate judge correctly noted, the petition is file-stamped on October 11, 2006; however, the verification submitted therewith reflects that it was placed in the prison mail system on October 9, 2006. The petition is deemed filed when it was properly presented to prison officials for mailing; thus, October 9, 2006 is the date of filing. Hoggro v. Boone, 150 F.3d 1223, 1226 n. 3 (10th Cir. 1998).

must demonstrate that such extraordinary circumstances caused the failure to timely file.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner has failed to demonstrate any basis for equitable tolling.  Although he claims he is actually innocent of the "sentence" imposed, he does not argue that he is actually innocent of the crime for which he was convicted; actual innocence of the sentence requires actual innocence of the crime.  Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994).  In his objection to the Report and Recommendation, he again raises this claim, but he fails to support it with any factual or legal argument that would warrant application of the "rare and exceptional" circumstance required to equitably toll the statute of limitations on this basis.

Petitioner also argues that he is entitled to equitable tolling because circumstances beyond his control prevented him from timely filing this action.  In support, he offers a statement from the law librarian assigned to his facility, stating that petitioner was transferred to a facility which initially had no law library but that access to legal materials was made available to petitioner and other inmates. *See* unverified "Statement of Record" of Frank English, submitted as an unmarked exhibit to petitioner's objection. Mr. English also states that, sometime in 1998, he left his employment for another job position. *Id.*

The statement does not justify equitable tolling in this case.  Petitioner offers no argument or legal authority supporting his claim that inadequate legal materials or the absence of a law librarian constitute "rare and exceptional" circumstances warranting the equitable tolling of the limitations period.  Furthermore, Mr. English states that he made arrangements for petitioner and other inmates to have access to legal materials.  In any event, petitioner does not explain why these circumstances caused him to delay filing this action until October of 2006.

In his objection, petitioner also reasserts the argument, raised in response to the motion to

dismiss, that § 2244(d) does not apply because his sentence is illegal and lacks finality. As the magistrate judge correctly concluded, that argument is without merit as a matter of law. *See* Report and Recommendation at page. 7-8 and decisions cited therein.

Petitioner also contends that the court should not dismiss the action as untimely because respondent waived the statute of limitations argument by also addressing the merits of petitioner's claim. Petitioner is incorrect; respondent did not waive the statute of limitations and, in fact, expressly argued that it bars petitioner's claim. That respondent also addressed the merits of petitioner's arguments as an alternative basis for dismissal does not constitute a waiver of the limitations argument.

Having fully reviewed the record and having considered petitioner's objections, the court concludes that Judge Bacharach correctly determined that this action must be dismissed as untimely. Petitioner offers no argument or authority to warrant this court's ruling to the contrary. Therefore, the Report and Recommendation [Doc. No. 12] is adopted. This action is dismissed because the statute of limitations, as extended by statutory tolling, expired prior to its filing.

IT IS SO ORDERED this 20th day of March, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE